**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Inc., | CV 12-00384-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Mustafa Erdem; Mohammed F. Ali; M Square Business Ventures LLC, | |
| Defendants. | |

The court has before it plaintiff's motion for default judgment (doc. 14). When considering a motion for default judgment we take a complaint's well-pled allegations regarding liability as true. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiff was granted the exclusive commercial distribution rights to "Ultimate Fighting Championship 127: BJ Penn v. Jon Fitch," broadcast nationwide on February 26, 2011 ("the Program"). Defendants own and operate Gus's New York Pizza, a restaurant in Phoenix, Arizona. The restaurant, which did not have rights to display the Program, displayed it on five televisions located throughout the restaurant. Three separate head counts revealed that 38, 40, and 44 patrons were at the restaurant that night. There was no cover charge for entry. The restaurant's capacity is approximately 50 people.

Plaintiff filed this action seeking relief under three counts: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion. Default was entered by the Clerk

1 against defendants on May 23, 2012 (doc. 13). Defendants have not moved to set aside
2 default and have not otherwise appeared.

3       To recover under 47 U.S.C. § 605, plaintiff must show that (1) defendants intercepted
4 and (2) "divulged or published. . . a communication transmitted by" plaintiff. Nat'l
5 Subscription Television v. S & H TV, 644 F.2d 820, 826 (9th Cir. 1981). Under the statute,
6 plaintiff can recover statutory damages. These damages cannot be less than $1,000 and
7 cannot exceed $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Moreover, if defendants intercepted
8 and published the communication "willfully and for purposes of direct or indirect commercial
9 advantage or private financial gain," the damages award may be increased by up to $100,000
10 per violation. Id. § 605(e)(3)(C)(ii). Courts consider a number of factors in deciding
11 whether to award enhanced damages, including "prior infringements, substantial unlawful
12 monetary gains, significant actual damages to the plaintiff, the defendant's advertising of the
13 broadcast, and the defendant's charging a cover charge or premiums for food and drinks
14 during the broadcast." Kingvision Pay-Per-View, Ltd. v. Guzman, CV-07-0963-PHX-PGR,
15 2008 WL 1924988, at *3 (D. Ariz. Apr. 30, 2008). To determine an appropriate award, we
16 balance the need to deter future illegal conduct against the harm that will result to the
17 defendants' business if significant damages are assessed. See Kingvision Pay-Per-View Ltd.
18 v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

19       By defaulting, defendants admit that they published the Program to their patrons
20 without obtaining a license from plaintiff in violation of 47 U.S.C. § 605, and did so
21 "willfully and for purposes of direct and/or indirect commercial advantage and/or private
22 financial gain." Compl. ¶ 25 (doc. 1).[1] We conclude that a statutory damages award of
23 $10,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) is appropriate.

24       However, the facts do not support entry of a full $100,000 in enhanced damages as
25 requested. Plaintiff has not presented any evidence suggesting that defendants have

---

[1] Because defendants defaulted, plaintiff cannot determine what type of signal transmission was used. Plaintiff asks for recovery under 47 U.S.C. § 605 rather than 47 U.S.C. § 553.

- 2 -

1  previously infringed.  There is also no evidence that plaintiff incurred substantial actual
2  damages. No cover charge was collected,  and plaintiff has not shown that defendants
3  charged a premium for food and beverages.  Moreover, the restaurant has a relatively small
4  capacity, and was not full.  At most, the Program was displayed to 44 people.  Thus, there
5  is no indication that defendants substantially profited from displaying the Program.  We are
6  conscious, however, of the influence that a substantial damages award may have on deterring
7  future violations.  We conclude that an enhanced damages award of $5,000 is reasonable.
8  The total damages award of $15,000 will serve to compensate plaintiff, and is substantial
9  enough to deter future violations.

10  Plaintiff  requests an award of $900 on its conversion claim.  However, it presents no
11  argument or evidence to support this request.  Therefore, we decline to award an additional
12  amount on the conversion claim.

13  Finally, plaintiff requests an award of its costs and attorneys' fees.  Plaintiff may file
14  a bill of costs in accordance with LRCiv 54.1, and a motion for attorneys' fees pursuant to
15  LRCiv 54.2.  We will rule on a motion for attorneys' fees if and when one is before us.

16  **IT IS ORDERED GRANTING** plaintiff's motion for default judgment (doc. 14).
17  The Clerk shall enter judgment in favor of plaintiff and against defendants in the total amount
18  of $15,000.

19  DATED this 20th day of June, 2012.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge